## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## BEAUMONT DIVISION

| | | |
|---|---|---|
| **BRUCE HOWELL** | § | |
| | § | |
| **V.** | § | **NO 1:05-CV-234** |
| | § | |
| **CHRISTUS HEALTH SOUTHEAST** | § | |
| **TEXAS d/b/a Christus St. Elizabeth** | § | |
| **Hospital** | § | |

## ORDER SUSTAINING OBJECTION TO PRETRIAL DISCLOSURE

Defendant objects to plaintiff's pretrial disclosure as it pertains to plaintiff's intention to present deposition testimony of Dr. Ali Osman.  Defendant argues that Dr. Osman's deposition testimony is hearsay as to defendant, and is not admissible under any recognized exception.

Defendant's objection was heard at the final pretrial conference conducted on February 13, 2006.  Plaintiff's counsel argued that the court should permit the evidence at trial because it consists of sworn testimony of a former party to the litigation, and would be admissible pursuant to Texas Rule of Civil Procedure 203.6(b) and Texas Rule of Evidence 801(e)(3).  The court took the matter under advisement.

After considering the parties' competing arguments, the court concludes that federal rules of evidence and civil procedure have no counterparts to the state rules advocated by plaintiff.  Consequently, admissibility of deposition testimony is governed by Federal Rule of Civil Procedure 32(a)(3) and Federal Rules of Evidence 801 and 804, which collectively require, *inter alia*, a showing that a deponent is unavailable for trial, or that the defendant had an opportunity to cross-examine.  It is

**ORDERED** that defendant's objection (Docket No. 26) is **SUSTAINED**, without prejudice, however, to plaintiff's ability to call the witness to testify personally at trial.

SIGNED this  23  day of February, 2006.

*Earl S. Hines*

Earl S. Hines
United States Magistrate Judge